﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 191002-36303
DATE: February 26, 2021

ORDER

Entitlement to service connection for posttraumatic stress disorder (PTSD) is granted.

Entitlement to service connection for diabetes mellitus is denied.

Entitlement to service connection for a right hip condition is denied.

Entitlement to service connection for a left hip condition is denied.

REMANDED

Entitlement to service connection for a right shoulder condition is remanded.

Entitlement to service connection for a right knee condition is remanded.

Entitlement to service connection for a left knee condition is remanded.

FINDINGS OF FACT

1. The evidence is sufficient to show that the Veteran’s current diagnosis of PTSD is related to a fear of hostile military or terrorist activity in service. 

2. The evidence does not show that the Veteran’s diabetes mellitus had its onset in service, manifested to a compensable degree within one year of separation. 

3. The evidence does not reflect current left or right hip disabilities.

CONCLUSIONS OF LAW

1. The criteria for service connection for PTSD have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304(f).

2. The criteria for service connection for diabetes mellitus have not been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309. 

3. The criteria for service connection for bilateral hip disabilities have not been met. 38 U.S.C. §§ 1110, 1131, 5107(b); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty from October 1989 to April 1996. 

In the October 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran within 90 days from receipt of the VA Form 10182. 38 C.F.R. § 20.303.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims of service connection for right and left hip conditions, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Evidence regarding the Veteran’s right shoulder claim was also added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the claim for further development, this additional evidence will be considered by the RO in the adjudication of those claims.

Service Connection 

To establish service connection for a disability, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

For certain chronic disorders, such as diabetes mellitus, service connection may be granted if the disease becomes manifest to a compensable degree within one year following separation from active duty. See 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137; 38 C.F.R. §§ 3.307, 3.309.

When a disease listed at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one-year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

1. Entitlement to service connection for posttraumatic stress disorder (PTSD)

Generally, to establish entitlement to service connection for PTSD, there must be: (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); (2) a link, established by medical evidence, between the current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f). 

The relevant regulation provides that if a stressor is related to the Veteran’s fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of PTSD and that the Veteran’s symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the Veteran’s service, the Veteran’s lay testimony alone may establish the occurrence of the claimed in-service stressor.

Here, the February 2019 VA contract psychological evaluation performed by a psychologist indicates the Veteran has a current diagnosis of PTSD due to such a stressor based on fear of hostile military or terrorist activity. After careful consideration of the evidence regarding this stressor and the Veteran’s service, the Board finds that there is not clear and convincing evidence to the contrary and that the stressor is consistent with the circumstances of the Veteran’s service. On this basis, service connection for PTSD is granted. 

2. Entitlement to service connection for diabetes mellitus. 

The Veteran asserts that he developed diabetes while on active duty but was diagnosed shortly after separation. See November 2018 Statement. The evidence shows the Veteran has a current diagnosis of diabetes mellitus. See Private Treatment Records. The issue that remains disputed is whether the Veteran’s diabetes mellitus had its onset, manifested to a compensable degree within one year of separation or is otherwise related to service. To this end, the preponderance of the evidence is against the claim. 

Service treatment record are silent for complaints of or treatment for diabetes mellitus. On a March 1995 medical questionnaire, the Veteran denied having diabetes. As such, service connection on a direct basis is not warranted. 

Furthermore, there is no competent evidence to show that that his diabetes mellitus manifested to a compensable degree within one year of separation. See 38 C.F.R. §§ 3.307, 3.309.

Thus, the Board finds the preponderance of the evidence is against a finding that the Veteran’s diabetes mellitus is related to service. The only evidence connecting the Veteran’s diabetes mellitus to service are his statements, and the Veteran is not competent to provide an opinion on issues requiring medical expertise. Jandreau, 492 F.3d at 1376-77. 

The Veteran was not afforded a VA examination. The Board finds that the evidence was insufficient to trigger an examination as there is no in-service event. See McLendon v. Nicholson, 20 Vet. App. 79 (2006); see 38 U.S.C. § 5103A(d)(2); 38 C.F.R. § 3.159(c)(4)(i). As the preponderance of the evidence weighs against the claim, service connection for diabetes is denied.

3. Entitlement to service connection for a right hip condition.

4. Entitlement to service connection for a left hip condition. 

The Veteran claims entitlement to service connection for right and left hip condition. Service treatment records are silent for complaints of or treatment for a hip condition. 

In addition, the post service treatment records are silent for a current diagnosis of a right or left hip condition. To be considered for service connection, a claimant must first have a disability. This requirement “is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim and that a claimant may be granted service connection even though the disability resolves prior to the Secretary’s adjudication of the claim.” McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). In addition, symptoms such as pain alone, that do not result in functional impairment, do not constitute a disability for VA compensation purposes. See Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018). 

Post-service private and VA treatment records are silent for complaints of or treatment for right or left hip pain. A March 2019 VA treatment record indicates the Veteran denied experiencing hip pain. 

As the record is silent for a diagnosis of a right or left hip disability and there is no evidence of functional impairment due to hip pain, service connection for a right or left hip disability is denied. As the preponderance of the Veteran is against a finding of a current disability, service connection is denied. 

As the preponderance of the evidence is against the Veteran’s claim, the doctrine of reasonable doubt does not apply. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

REASONS FOR REMAND

1. Entitlement to service connection for a right shoulder condition is remanded. 

2. Entitlement to service connection for a right knee condition is remanded.

3. Entitlement to service connection for a left knee condition is remanded.

The Veteran was afforded VA examinations for his right shoulder, right knee, and left knee conditions in February 2019. Notably, the Veteran was treated for right shoulder and bilateral knee conditions in service and had diagnoses at separation. The examiner opined that although the Veteran experienced these conditions in service and they were present on the VA examination, the available post service treatment records show there was no continuity of symptoms. Specifically, the examiner asserts that the Veteran’s conditions post service were “either quiescent or non-existent.” As the examiner failed to discuss the Veteran’s reports of worsening symptoms since service, a pre-decisional duty-to-assist error has been committed. An addendum medical opinion is necessary. 

The matters are REMANDED for the following action:

Arrange for the Veteran to undergo VA examination regarding his right shoulder, right knee, and left knee. For each right shoulder, right knee, and/or left knee disability diagnosed, the examiner must render opinions as to the following: 

Whether it is at least as likely as not (50 percent probability or higher) that the Veteran has a right shoulder, right knee, and/or left knee disability that had its onset in service or is related to service, to include Gulf War environmental hazards. The examiner must consider the Veteran’s statements regarding continuity of symptoms.

The examiner is asked to explain the reasons behind any opinions expressed and conclusions reached.

 

 

Nathaniel J. Doan

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.A. Williams, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.